IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| PHYLLIS E. ACOSTA,<br>    Petitioner, | §<br>§<br>§ | |
| V. | § | A-06-CV-968-SS |
| | § | |
| NATHANIEL QUARTERMAN,<br>Director, Texas Dept. of<br>Criminal Justice-Correctional Institutions<br>Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) (Document 12); and Petitioner's Response thereto (Document 14). Petitioner, proceeding pro se, has paid the appropriate filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

A.     **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to four judgments and sentences.  Two convictions stem from the 243rd Judicial District Court of El Paso County, in cause numbers 51398 and 48670, both styled The State of Texas v. Phyllis E. Acosta.  Petitioner received a nine-year sentence for her forgery offense (51398) and a ten-year sentence for her theft conviction (48670).  Petitioner's other two convictions arose from the 362nd Judicial District Court of Denton County, in cause number F-99-1002-D, styled The State of Texas v. Phyllis Elaine Acosta.  For these convictions Petitioner received two concurrent, four-year sentences for robbery and assault on a public servant.

Petitioner does not challenge her holding convictions at this time.  Rather she challenges the revocation of her parole.  According to Respondent, Petitioner was released on parole with regard to her El Paso County convictions on May 1, 1989.  Her parole was later revoked on December 19, 2003, based on the two convictions from Denton County.

Petitioner asserts she did not learn that her parole had been revoked until June 2, 2004. Shortly after learning her parole had been revoked, Petitioner filed a motion to reopen her parole hearing.  Her motion was filed on June 28, 2004, and was denied on July 30, 2004.  On January 6, 2005, Petitioner filed two state applications for habeas corpus relief challenging the revocation of her parole.  Ex parte Acosta, Appl. No. 63,524-02 at 11-23, and -03 at 23-32.  Her state applications were denied on April 5, 2006.  Id. at cover.  Petitioner asserts she filed another motion to reopen her parole hearing on April 10, 2006, which was denied on May 8, 2006.  Petitioner filed another two

state applications for habeas corpus relief on August 28, 2006. Id. at -04 at 33-44, and -05 at 71-112. They were denied on October 11, 2006. Id. at cover.

**B.   Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Her sentenced expired on January 8, 1998, before any blue warrant issued;

2. The Parole Board falsely claims it issued a pre-revocation, blue warrant on October 31, 1996;

3. Alternatively, if the blue warrant had issued, the Parole Board removed the warrant from the Texas Crime Information Center database; and therefore, could not have relied upon that warrant for the parole revocation;

4. She involuntarily waived her right to a parole revocation hearing because the waiver was executed before she was arrested and in custody and she did not know the consequences of her waiver for the hearing;

5. She should have had a hearing promptly after her alleged violation of parole;

6. She was not properly notified of the revocation; and

7. The Board's failure to properly execute the blue warrant denied her the opportunity to make an intelligent, knowing, and voluntary plea bargain agreement with Denton County.

**C.   Exhaustion of State Court Remedies**

Respondent does not concede that Petitioner has exhausted her state court remedies regarding the claims brought in this application. Rather Respondent reserves the right to address the exhaustion issue should his request to dismiss as time-barred be denied.

## II. DISCUSSION AND ANALYSIS

A. **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B. **Application**

Petitioner's parole was revoked on December 19, 2003. Ordinarily, a petitioner could have discovered the factual predicate of her claims relating to her parole revocation on that date. However, Petitioner claims she was not notified of the revocation. She claims she was informed by an I-60 (Inmate Request to Official) in January 2004 that her parole had been revoked. However, she also received an I-60 that month stating, "You will not have to do your old sentence over again.

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

They are now marked as discharged. You will be interviewed on your new offenses once your file is issued to a parole officer." According to Petitioner she did not officially learn of the revocation until June 2, 2004, when she received written responses to her inquiries to the Austin Parole Office and the Lane Murray parole counselor. Therefore, the Court will consider June 2, 2004, as the date Petitioner discovered the factual predicate of her claims.

Petitioner filed a motion to reopen her parole hearing on June 28, 2004. The motion was denied on July 30, 2004. The law is not clear whether the limitations period is tolled during the pendency of a timely filed motion to reopen a parole hearing. For purposes of this Report and Recommendation, and out of an abundance of caution, the Court will consider the limitations period tolled during this period. Accordingly, at the time Petitioner filed her motion to reopen parole hearing only 26 days had run against the limitations period.

On January 6, 2005, Petitioner challenged the revocation of her parole in two state applications for habeas corpus relief. From the time Petitioner's motion to reopen hearing was denied on July 30, 2004, until she filed her state applications on January 6, 2005, an additional 160 days had run against the limitations period. The Texas Court of Criminal Appeals did not deny Petitioner's state applications until April 5, 2006.

Rather than filing a federal application for habeas corpus relief, Petitioner asserts she filed another motion to reopen parole hearing. According to Petitioner, she filed the motion on April 10, 2006, and it was denied on May 8, 2006. The May 8, 2006 response attached to Petitioner's federal application as Exhibit C states:

>This is to acknowledge receipt of your correspondence dated 4/10/2006.
>
>Records maintained by the Texas Department of Criminal Justice indicate that on 10/31/96, your annual status was voided and a Pre-Revocation warrant was issued for your arrest. This warrant was published in the Texas Crime Information Center (TCIC) only.
>
>On 03/12/2003, the Parole Division received notice of your arrest in Phoenix, Arizona. You were not extradited on this warrant due to it being published in TCIC only. Although the warrant was not enforceable out of state, it still remained in effect and was enforceable in the State of Texas.
>
>Upon your return to Texas, the warrant was executed on 12/05/03.
>
>Your request for a Reopening does not meet the criteria for a Motion to Reopen hearing, nor had there been any error or new information that would prompt a review of your case by the Board panel.

Although the Court tolled the limitations period during the pendency of Petitioner's first motion to reopen hearing, there is no valid basis to toll the limitations period during the pendency of Petitioner's second motion to reopen hearing. Section 145.54(a) of the Texas Administrative Code provides "when the releasee receives notice as a result of a revocation hearing that the board's decision is revocation, he or she shall have 45 days from the date of the board's decision to request a reopening of the case for further development of factual or legal issues." Petitioner's motion to reopen was not timely filed, and as explained in the response she received, did not meet the criteria for a motion to reopen hearing.

Petitioner's two additional state applications for habeas corpus relief, on the other hand, do toll the limitations period. They were filed on August 28, 2006, after 145 more days had run against the limitations period for a total of 331 days. Therefore, at the time the Texas Court of Criminal Appeals denied her state applications on October 11, 2006, only 34 days remained of the one-year limitations period. Accordingly, Petitioner had until November 14, 2006, to timely file her federal

application for habeas corpus relief. Petitioner did not execute her federal application until December 6, 2006, after the limitations period had expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of her claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed as time-barred.

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of February, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE